UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTORIANO GARCIA LOPEZ,<br><br>Plaintiff,<br>v.<br><br>DAVID MAR, et al.,<br><br>Defendants. | Case No. 3:13-cv-00636-MMD-WGC<br><br>ORDER |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed *in forma pauperis* (dkt. no. 1), a civil rights complaint pursuant to 42 U.S.C. § 1983, and a motion for appointment of counsel (dkt. no. 3). The Court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff still must pay the filing fee in full through monthly installments. 28 U.S.C. § 1915(b)(2). The Court has reviewed the complaint pursuant to 28 U.S.C. § 1915A. The Court finds that it lacks jurisdiction, and the Court dismisses the action.

In an earlier action, *Lopez v. Bannister*, 3:11-cv-00801-RCJ-VPC, plaintiff and the defendants reached a settlement. In the stipulation and order for dismissal with prejudice (dkt. no. 16 in that action), the parties did not incorporate the terms of the settlement agreement, nor did they agree that the Court would retain jurisdiction. After dismissal, plaintiff moved for leave to file a writ of mandamus (dkt. no. 17 in that action). The Court denied the motion because it determined that it did not have jurisdiction to enforce the settlement agreement (dkt. no. 21 in that action). The Court noted that

because the settlement agreement was not part of the dismissal order, enforcement of the agreement was a matter for the state courts. See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375; *Mallard Automotive Group Ltd. v. United States*, 343 F. Supp. 2d 949, 955 (D. Nev. 2004).

Plaintiff now has returned to the Court, alleging that the defendants have breached the settlement agreement. The problem of jurisdiction is exactly the same, even though plaintiff has commenced a new action instead of filing a motion in the old action. Because the Court did not retain jurisdiction in its dismissal order, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen,* 511 U.S. at 382. The Court does not find any independent basis for federal jurisdiction in this action. Plaintiff has used this Court's form for actions pursuant to 42 U.S.C. § 1983, but his allegations all involve a breach of the settlement agreement. A breach of a contract is an issue of state contract law. Therefore, 28 U.S.C. § 1343, which gives the Court jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States," is inapplicable. The Court may consider state-law claims independent of any question of federal law, but only when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1331(a)(1). Plaintiff and the defendants in this action all are citizens of the State of Nevada, and thus the Court does not have jurisdiction pursuant to § 1331.

Plaintiff's motion for appointment of counsel (dkt. no. 3) is moot because the Court is dismissing the action for lack of jurisdiction.

It is therefore ordered that plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) is granted. Plaintiff shall not be required to pay an initial partial filing fee. However, even though this action is being dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

///

It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #50311), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the finance division of the Clerk's office. The Clerk shall also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that plaintiff's motion for appointment of counsel (dkt. no. 3) is denied as moot.

It is further ordered that the Clerk of the Court shall file the complaint.

It is further ordered that this action is dismissed for lack of jurisdiction over the subject matter. The Clerk of the Court shall enter judgment accordingly.

It is further ordered that an appeal from the judgment would not be taken in good faith.

DATED THIS 14th day of May 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE