UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTORIANO GARCIA LOPEZ,<br><br>    Plaintiff,<br>v.<br>DAVID MAR, et al.<br><br>    Defendants. | Case No. 3:13-cv-00636-MMD-WGC<br><br>ORDER |

Plaintiff has submitted a motion to reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (dkt. no. 8). The Court has considered his arguments, and the Court denies his motion in the context of this action.

Plaintiff had commenced another civil rights action in this Court, *Lopez v. Bannister*, 3:11-cv-00801-RCJ-VPC. The parties settled that action and stipulated to a dismissal with prejudice. The stipulation, and the Court's order on the stipulation, did not expressly retain jurisdiction over the agreement, and they did not incorporate the terms of the settlement agreement. After the dismissal of *Lopez v. Bannister*, plaintiff sought leave to file a motion for a writ of mandamus, and the Court denied the motion because it did not retain jurisdiction over the settlement agreement. Plaintiff then commenced this action. His cause of action was that defendants breached the settlement agreement. The Court dismissed the action because it did not retain jurisdiction over the agreement.

In his motion to reconsider (dkt. no. 8), plaintiff argues that the Court did retain jurisdiction over the settlement agreement. He has attached a page of what appears to be the settlement agreement. Paragraph J states:

> The defendants and Lopez hereby agree that the U.S. District Court of Nevada shall be the exclusive forum, at all times after the dismissal of the litigation, in which the parties may seek relief concerning this agreement, whether to enforce, interpret, clarify, or settle disputes concerning this agreement.

If that paragraph is in the final version of the settlement agreement, then plaintiff needs to file the appropriate motion for relief in *Lopez v. Bannister*. In this action, the Court can proceed only on what is in the record in *Lopez v. Bannister*; that settlement agreement was not made part of the record, and the final order in that action did not retain jurisdiction.

It is therefore ordered that plaintiff's motion to reconsider (dkt. no. 8) is denied.

DATED THIS 23rd day of October 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE